UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| v. | ) | Criminal No. 25-10272-LTS |
| KSENIIA PETROVA | ) | |

MEMORANDUM AND ORDER ON APPEAL
OF MAGISTRATE JUDGE'S DECISION (DOC. NO. 63)

October 8, 2026

SOROKIN, J.

The government has appealed an order by Magistrate Judge Dein compelling it to produce certain discovery and grand jury instructions to the defense. Because Judge Dein's decision was neither contrary to law nor clearly erroneous, see Fed. R. Crim. P. 59(a), the government's appeal is DENIED.[1]

The Court reviews questions of law de novo and findings of fact for clear error. United States v. Aboshady, 297 F. Supp. 3d 232, 235 (D. Mass. 2018). Where mixed questions of law and fact are concerned, the Court applies "a sliding scale of review," under which the level of deference accorded to the challenged findings depends on the extent to which factual questions predominate. Id. The government has not established that these standards support setting aside all, or any part, of the challenged order.

A pair of overarching points bear mention at the outset. The first concerns the assertion by the government that Judge Dein's "Order accepts at face value Petrova's characterization of

[1] The Court writes for the parties and assumes familiarity with the factual and procedural history. Citations to "Doc. No. __ at __" reference items on the Court's electronic docket ("ECF") using the document and page numbering appearing in the ECF headers.

her conduct as a mere failure to declare," and the "prosecution as one that could not have been initiated for legitimate reasons." Doc. No. 63 at 3. This is not an accurate description of Judge Dein's Order, and it misconceives her resolution of the issues (legal and factual) before her. The Order sets forth Judge Dein's determination that Petrova made a sufficient showing to entitle her to certain discovery. That determination does not preclude a future criminal conviction for any or all of the charged offenses, nor does it preclude the conclusion that the present prosecution is legitimate. The Order did not say otherwise.

The next threshold point concerns first principles of judicial decision-making. When judges make findings of fact, they may consider both direct and circumstantial evidence as well as draw reasonable inferences from the evidence. This is a garden-variety endeavor done in a host of contexts under whatever legal standards apply in the circumstances. It is what Judge Dein did here. She made findings based upon the evidence before her and the reasonable inferences she drew from it. Her findings, of course, are not binding factual conclusions that will control dispositive decisions in this case as it proceeds. Rather, she determined that, under the governing standard at this stage, Petrova had offered sufficient evidence to warrant discovery.

With those preliminary matters noted, the Court proceeds to the merits of the pending objection. It will briefly explain why it upholds Judge Dein's Order, taking the government's three challenges in turn.[2]

First, the government takes aim at Judge Dein's decision to require disclosure of the legal instructions given to the grand jury concerning the smuggling charge. In the government's view,

---

[2] The government addressed the three issues it disputes in reverse order from Judge Dein. The Court draws no conclusions from the ordering of the arguments, nor does it perceive that the ordering affects the resolution of the objections. Because the government's objection is the reason for this Court's review, the Court addresses the issues in the order the government has presented them.

Judge Dein erred by "mak[ing] no finding of a particularized need for [such] disclosure." Doc. No. 63 at 6. The government advances three arguments supporting this challenge. See id. at 4–6 (taking issue with findings that this smuggling charge was "unique," that "confusion" arose during the probable cause hearing concerning the charge's elements, and that the government avoided briefing the elements by securing an indictment that added charges based on previously known conduct). Each argument concerns a finding of fact underlying Judge Dein's resolution of the dispute about the instruction on smuggling. The predominantly factual nature of the government's challenge leads this Court to apply a deferential lens in its review.

The record does not support second-guessing the contested findings. Rather, it shows that Judge Dein correctly identified the legal principles governing requests for disclosure of grand jury materials, including the burden a defendant traditionally faces in seeking such materials. Doc. No. 55 at 16. She then explained why the interests underlying those standards carry somewhat less force where legal instructions (rather than witness testimony) are concerned, citing a decision in which Judge Burroughs discussed the same principles. Id.; see Doc. No. 67 at 24–25 (citing additional cases). And she concluded by articulating the facts she gleaned from the record—including from events that occurred during proceedings over which she presided—that combined to satisfy Petrova's burden and justified compelling a relatively narrow disclosure of one legal instruction. Doc. No. 55 at 16–17. The Court perceives no error here.

In sum, Judge Dein's assessment that Petrova is entitled to know the instructions the government provided to the grand jury concerning the smuggling charge is entitled to deference. The government has shown no reason to disturb it.

Second, the government urges that Judge Dein "fail[ed] to apply governing Supreme Court and First Circuit law requiring the identification of at least one comparator before ordering

discovery" related to a potential selective-prosecution defense. Doc. No. 63 at 6. The government supports this challenge with a trio of arguments, the first two of which are related. Id. at 7–11. The government faults Judge Dein for: not "clarify[ing] which offenders are similarly situated" to Petrova, and "incorrectly find[ing]" that Petrova had shown "the existence of similarly situated individuals who were not prosecuted" (factors which go to the discriminatory-effect element of the defense); and erroneously finding Petrova had established discriminatory intent.[3] Id. These challenges concern the application of law to the specific facts of this case and are, therefore, bound up in those facts. Deference to Judge Dein's fact-finding is warranted, and it dooms the government's appeal on this issue as it did the first.

Though it proposes different parameters now, id. at 8, the government argued to Judge Dein ("strenuously," in her view) that Petrova could not obtain selective-prosecution discovery unless she identified "others who acted virtually identically" in every way. Doc. No. 55 at 14. No legal or factual error arose from Judge Dein's rejection of that position. It is true that Judge Dein did not discuss in detail the precise parameters that would define those "similarly situated" to Petrova for purposes of this analysis. Perhaps that is because she had already concluded that Petrova was entitled to discovery on her vindictive-prosecution claim and anticipated that such discovery might overlap with discovery bearing on selective prosecution. In any event, Judge Dein had before her, and cited in her decision, "some evidence" that allowed for the identification of comparators in a manner sufficient for present purposes. Cf. United States v. Lewis, 517 F.3d 20, 22, 25 (1st Cir. 2008) (describing "protean standard" governing evaluation of whether defendant has supported "the two furcula of [a] selective prosecution theory").

[3] Here, as she did in considering the grand-jury instructions, Judge Dein identified the correct governing law and summarized it accurately. Doc. No. 55 at 12–13; see Doc. No. 63 at 7 ("The Order recognizes the governing law . . . .").

The challenged analysis points to Petrova's motion papers. Doc. No. 55 at 14 (citing "Motion at 13"). They, in turn, reproduce under-oath statements made by a longtime customs attorney in Petrova's federal habeas proceedings, which also concerned the events at issue in this case. Doc. No. 45 at 13. The attorney had provided a sworn declaration attesting that, during his thirty-five-year career, he was not aware of any person having been prosecuted for smuggling without having been processed by customs officers for a "failure to declare" violation, nor could he recall ever seeing smuggling charges brought for failing to declare a research sample regardless of the traveler's willfulness. Id.; Doc. No. 67 at 22 (quoting same declaration). In the circumstances presented, the foregoing suffices to satisfy Petrova's burden of supplying "some evidence" of discriminatory effect as the relevant caselaw requires. The cited declaration comprises a credible showing that Petrova was prosecuted due to her status as a Harvard-affiliated researcher and J-1 visa holder—facts which "some evidence" before the Court also shows placed her in the crosshairs of those presently controlling the Executive Branch. E.g., Doc. No. 67-2 (referencing visa and "educated individuals with a pedigree"); Doc. No. 67-4 at 5 (responding to "fake news" and mentioning Petrova's affiliation with Harvard); see also Doc. No. 67 at 9–10 (describing context in which Petrova's case arose and actions targeting Harvard and higher-education-related visa holders). The same declaration also credibly shows that other travelers who have willfully failed to declare research samples or similar items but were not Harvard-affiliated visa holders were not treated the same way.[4]

The parties' papers and Judge Dein's analysis make plain that the discriminatory-intent prong of the selective-prosecution analysis hinges on the same findings that underpin an analysis

---

[4] As Judge Dein noted, Doc. No. 55 at 14 n.4, nothing in the discussion of this issue here is intended to prevent the parties from further refining and disputing the category of similarly situated comparators if this issue arises again in the context of a motion to dismiss.

of Petrova's vindictive-prosecution claim. See Doc. No. 63 at 10–11 (incorporating by reference arguments concerning vindictive prosecution); Doc. No. 55 at 14 (same). The Court likewise relies on the reasons it will explain next in addressing vindictive-prosecution-related discovery to reject the government's argument about discriminatory intent. Thus, the government's challenge to Judge Dein's order compelling it to produce discovery concerning Petrova's selective-prosecution defense fails.

Third, the government challenges the order compelling it to produce discovery related to a possible vindictive-prosecution defense. Doc. No. 63 at 11. Here, again, the government suggests Judge Dein correctly identified the governing law but erred in applying it. Id. at 11–15. The Court disagrees. It also finds no clear error in the findings of fact the government disputes. Id. at 16–19.

Judge Dein catalogued in some detail the "substantial evidence" and the facts she found therefrom which "strongly" established Petrova's entitlement to the relevant discovery. Doc. No. 55 at 10–12 (highlighting unusual nature of actions taken against Petrova, timing of those actions vis-à-vis habeas litigation challenging Petrova's detention, broader context of executive treatment of Harvard and student-visa holders, and public statements of United States Attorney for this District). The government characterizes those factual determinations as resting on speculation and evidence "that cannot be considered objective." Doc. No. 63 at 16 (citation modified). The Court's review of the record yields no support for that characterization. That the government views or weighs the facts differently, or would draw other inferences from them, does not establish error.

Accepting for present purposes the facts as Judge Dein found them, her conclusion that Petrova had "come forth with some objective evidence tending to show the existence of

prosecutorial vindictiveness" stands on sturdy ground under First Circuit law. United States v. Bucci, 582 F.3d 108, 113 (1st Cir. 2009). Judge Dein's discussion of relevant precedents from beyond the First Circuit does not render her decision susceptible to reversal.

At the center of the government's argument on this issue is its attempts to separate the motives of the prosecutors in this District from those of immigration officers and other Executive Branch actors who played a role in the events concerning Petrova. See Doc. No. 63 at 12, 14.[5] But for present purposes in this case, the record belies the distinction the government proposes for at least two reasons. First, the close timing of crucial events in this prosecution and proceedings concerning Petrova's ongoing habeas matter in Vermont—for example, the filing of a criminal complaint charging Petrova only two days before a hearing on a dispositive motion in the habeas case, and the unsealing of the complaint coupled with a public statement by the United States Attorney within hours of the habeas hearing—ties the evidence concerning motive to the decisionmakers here at least for discovery purposes. Second, and relatedly, the public posting of a videotaped statement by the United States Attorney overseeing this prosecution referencing Petrova's Harvard affiliation and visa and endorsing the actions of other relevant agency actors can itself reasonably be viewed (and Judge Dein did view it) as a meaningful piece of objective evidence tending to show the requisite vindictiveness. And, as noted earlier, the law

[5] Though the Court need not presently delve deeply into the "unitary executive" theory, it does note that court-established doctrines resting on concepts of division among, or independent decision-making by, different agencies within the Executive Branch are potentially called into question by the Supreme Court's recent decisions emphasizing the unitary nature of that Branch. See, e.g., Trump v. Slaughter, 609 U.S. 422, 146 S. Ct. 2283, 2293–95 (2026) (discussing Founders' views of Executive authority and their intent to prevent "the President's so-called assistance" from exercising "*his* power against *his* wishes"); Trump v. United States, 603 U.S. 593, 607, 610 (2024) (describing unique nature of President's role, "as the only person who alone composes a branch of government," therefore bearing "responsibility for the actions of the many departments and agencies within the Executive Branch").

permitted Judge Dein to draw reasonable inferences from the direct and circumstantial evidence before her in rendering her discovery rulings.

Because the government has identified no legal or factual error in Judge Dein's analysis of Petrova's entitlement to discovery concerning vindictive prosecution—and because the record and the law plainly support her conclusion in the circumstances presented—the government's third and final parry fails.[6]

Accordingly, the government's appeal (Doc. No. 63), ably briefed by both parties, is DENIED. The parties shall meet and confer and shall notify the Court by October 23, 2026, whether a further ruling is needed as to the scope and timing of the discovery to be produced pursuant to Judge Dein's order, affirmed in full here. If so, those issues shall be raised before Judge Dein at the final status conference, presently scheduled for November 30, 2026. See Doc. No. 84.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

[6] Judge Dein is not the only federal judge to have considered the events that led to Petrova's criminal charges and discerned an evidentiary basis suggesting vindictiveness or improper selectivity on the part of the public officials who took action against her. See Doc. No. 67 at 8 (quoting District Judge presiding over Petrova's federal habeas petition); id. at 10 (quoting District Judge who presided over mandamus petition filed by Petrova in April).