UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KSENIIA PETROVA,<br><br>Defendant | Crim. No. 1:25-10272-LTS |

**GOVERNMENT'S NOTICE OF DISMISSAL**

The government respectfully requests leave of the Court under Fed. R. Crim. P. 48(a) to dismiss the indictment with prejudice. The United States Attorney has determined that dismissal is appropriate based on developments in this case and an assessment of the office's priorities and resources.

"To ensure that the court has a valid basis for exercising its discretion, the government must state its reasons for any request for dismissal under Rule 48(a)." *United States v. Guimaraes*, No. 1:25-CR-10129-JEK, 2025 WL 1899046, at *2 (D. Mass. July 9, 2025) (citations omitted). "But once the prosecutor has stated her reasons for the government's request for dismissal, the court should grant the request unless it has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *Id.* (internal quotation omitted).

The government charged the defendant with smuggling frog embryo samples into the United States based on its assessment of her alleged conduct and in keeping with the Principles of Federal Prosecution. J.M. 9-27.000. The defendant's claims of vindictive and selective prosecution are meritless.

Internal communications show that the defendant's conduct garnered attention at U.S. Immigration and Customs Enforcement (HSI's parent agency) based on the defendant's messages with her supervisor about "getting through US Customs with samples" prior to her arrival to Logan Airport on February 16, 2025 (the now familiar "No plan yet[,] I won't be able to swallow them" exchange). *See* Ex. 1 ("Interesting to see advance discussion of the plan to smuggle. We'll have the field engage."). HSI headquarters then asked HSI Boston "to engage with CBP, review the electronic devices, and determine if there are any viable charges" and "to review that communication to determine whether or not the supervisor was complicit with the smuggling attempt." *See* Ex. 2. When HSI Boston referred the investigation to the U.S. Attorney's Office, the prosecutor—a 27-year veteran of the office with experience prosecuting wildlife smuggling—considered the nature of the samples, even exploring an additional charge under the Lacey Act (prohibiting certain imports of wildlife). *See* Ex. 3 ("anything that gives us an opportunity to explain *why this deception is important* is helpful"). No internal communications support the defendant's speculation that the government charged her because of her habeas case, her statements to the press, or her status as a J-1 visa holder.

To date, the government has devoted considerable time and attention to defending its legitimate reasons for charging this case. In its present posture, the case promises to demand continued government resources for that effort.

The April 1, 2026 discovery order granted the defendant broad discovery in support of a selective prosecution claim and declined (at this stage) to place clear limits on the group to which the defendant should be compared in considering that claim. Dkt. 55 at 14 (assessing the defendant

against "others who failed to declare comparable materials").[1] Where consideration of "material prosecutorial factors"[2] has been left for another day, the government must supply the defendant with information pertaining to any number of passenger encounters involving undeclared items that could be considered comparable, without regard for the manner in which those items were carried, the presence or absence of planning, or the strength of the evidence of a passenger's fraudulent intent. The discovery order also grants the defendant's requests for policies and procedures concerning CBP's border inspections, some of which contain non-public information about CBP operations and investigative techniques.[3]

The government anticipates that additional discovery disputes and litigation of a motion to dismiss would divert significant time and attention from more substantial federal interests. *See* J.M. 9-27.230 (listing relevant considerations in determining whether a prosecution serves a substantial federal interest). At this stage, the resource costs of continuing this prosecution outweigh the public interest in its resolution.

---

[1] The Court's memorandum suggests a somewhat narrower comparison without expressly modifying the discovery order. Dkt. 86 at 5 (comparing the defendant to "other travelers who have *willfully* failed to declare *research samples* or similar items") (emphases added).

[2] "The focus of an inquiring court must be on factors that are at least arguably material to the decision as to whether or not to prosecute. Material prosecutorial factors are those that are relevant—that is, that have some meaningful relationship either to the charges at issue or to the accused—and that might be considered by a reasonable prosecutor." *United States v. Lewis*, 517 F.3d 20, 27 (1st Cir. 2008).

[3] The order also granted the defendant's request for the government's legal instruction to the grand jury on the smuggling offense. The government previously offered to provide this instruction for the Court's *in camera* review.

Accordingly, the government respectfully requests leave of the Court to dismiss the indictment with prejudice pursuant to Rule 48(a).

Respectfully submitted,

*Leah B. Foley*
LEAH B. FOLEY
UNITED STATES ATTORNEY

Date: November 3, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

By: */s/ David M. Holcomb*
David M. Holcomb
Assistant United States Attorney